St. Louis Southwestern Railway Company of Texas v. Mrs. M. J. Horne.

No. 2210.   Decided April 10, 1912.

**1.—Assignment of Error—Sufficiency of Evidence.**

An assignment of error "in that the great preponderance of evidence shows that plaintiff was not really injured in the alleged accident," does not raise the question of the sufficiency of the evidence to show negligence on the part of the defendant, causing such accident.   (P. 136.)

**2.—Evidence—Medical Expert.**

A medical witness who had examined plaintiff a month after the injury was properly permitted to testify that certain conditions then observed by him were results of the injury—the bruise inflicted by it still existing at the time of such examination and furnishing a basis for such opinion.   The sufficiency of such testimony to prove the fact was for the jury.   (P. 137.)

**3.—Same.**

That the examination given an injured plaintiff by a physician was only for the purpose of qualifying him to testify on her behalf, affected only the weight to be given his testimony, not its admissibility.   (P. 137.)

**4.—Charge—Conjectural Damages.**

Where the charge confined plaintiff's recovery to damages caused by defendant's negligence and forbade consideration of any impairment of health not so caused, it was not necessary to give a requested charge excluding from consideration speculative or conjectural damages.   (Pp. 137, 138.)

**5.—Same.**

A requested charge intended to exclude merely speculative or conjectural results of plaintiff's injury from consideration is criticised as so drawn as to be possibly a direction to include them.   (P. 138.)

**6.—Requested Charge—Damages—Causal Connection.**

It is proper to refuse a correct requested charge where it has been substantially covered by the instructions given.   See instruction excluding damages for impairment of health not due to the injury held proper and sufficient.   (Pp. 138, 159.)

Error to the Court of Civil Appeals, Fifth District, in an appeal from Hunt County.

Mrs. Horne sued the railway company and recovered.   Defendant appealed and obtained writ of error on affirmance.

*E. B. Perkins* and *Templeton, Craddock, Crosby & Dinsmore,* for plaintiff in error.

*J. P. Yates* and *T. D. Stames,* for defendant in error.

Mr. Justice Phillips delivered the opinion of the court.

Mrs. M. J. Horne, a femme sole, the defendant in error, instituted this suit against St. Louis Southwestern Railway Company of Texas, the plaintiff in error, to recover damages for personal injuries alleged to have been sustained by her while a passenger, as she was in the act

of alighting from a train of the plaintiff in error at Greenville, the destination of her journey. In the trial court she recovered a judgment in the sum of $800.00, which was affirmed by the Court of Civil Appeals..

The negligence charged against the railway company consisted of a sudden starting of the train, without notice or warning, after it had come to a standstill at the depot for the purpose of permitting passengers to alight, coupled with the sudden stopping of the train following its forward movement, in consequence of which sudden stopping of the train it was alleged that the defendant in error, who was standing upon the coach platform preparatory to descending the steps, when the train suddenly started was thrown against the platform railing and injured.

''The first assignment of error challenges the verdict of the jury as being unsupported by the evidence upon both the questions of negligence and injury, and presents the contention that as a matter of law there is no evidence in the record of probative force sufficient to sustain the verdict upon either issue.

We do not feel authorized to review the question of negligence to determine whether there is an absence in the record of any evidence sufficient to support the verdict upon that issue, because in our opinion the assignment of error presented in the Court of Civil Appeals did not question the verdict upon that ground. The assignment of error submitted by the plaintiff in error to that court, under which a review of that question is sought here, was as follows:

''The court erred in overruling the defendant's motion for new trial, and especially in overruling the fourteenth ground thereof, which reads as follows: 'Because the verdict of the jury was contrary to the law and the evidence and is excessive in amount in that the great preponderance of the evidence shows that plaintiff was not really injured in the alleged accident, and the evidence shows conclusively that if she was injured at all such injury was slight and inconsiderable, and that whatever physical troubles or ailments she has suffered with since the alleged accident are due to diseases and causes for which the defendant is not liable.' ''

This assignment directly attacked the verdict as being unsupported by any evidence that the defendant in error sustained any injuries as a result of the alleged accident, and as being excessive; but we would go further than its language warrants were we to hold that it presents any other ground of complaint, or that under it a review of the evidence upon the issue of negligence is permitted.

There was evidence sufficient to justify the trial court in submitting to the jury the issue as to whether the defendant in error sustained the injuries complained of because of the negligence alleged, and it is therefore not within the province of this court to disturb the verdict upon this ground. The defendant in error testified to the accident and to the hurt in her side or upon her hip that it occasioned. Her daughter testified that she examined her side as soon as the defendant in error reached the home of Mrs. Blackwell, to which she walked from the depot, and found a bruised place upon her right hip about the size of her hand, which showed to be of recent occur-

rence.   This witness was with the defendant in error at the time of
the accident and accompanied her from the depot to the house of
Mrs. Blackwell; and she further testified to the difficulty her mother
experienced on account of the hurt to her hip or side in walking from
the depot to the house.   Dr. J. A. Smith, a physician, testified to an
examination he made of the defendant in error approximately a
month after the accident, and to his finding at that time a bruised
place on her hip about three inches square, and that her right ovary
was very sensitive and tender and her womb considerably enlarged
and inflamed.   He further testified that such a bruise in that region
would, as a natural result, produce the condition he found in the
womb and ovaries.   No error is assigned as to the admission of his
testimony, but the proposition advanced is that the verdict should be
set aside by this court because it was only by his testimony that any
proof was made that the condition of the womb and ovaries testified
to, was produced by the hurt received by the defendant in error in
the accident, evidence of such an opinion of a medical expert, it is
said, being without any probative force.   While the witness's exami-
nation of the defendant in error did not take place until nearly a
month following the accident and after the suit had been filed, his
testimony is that the bruise was evident at that time.   The basis of
his opinion was the objective conditions that according to his testi-
mony then existed.   It cannot be said to have been founded entirely
upon subjective conditions, as is urged by the plaintiff in error.   The
contention that the witness was originally called to examine and treat
the defendant in error for the purpose of testifying as a witness in
her behalf, relates to his credibility.   The probative force of his
opinion has to do solely with the weight to be given his testimony.
The jury, not this court, were the judges of both.   The evidence was
clearly admissible.   Having been properly admitted it raised the issue.
The question then became one for the jury's determination alone;
and there being evidence to sustain their finding, under the well
settled rule it is conclusive upon this court.

   Another error assigned is that the trial court erred in refusing to
give special charge No. 2, requested by plaintiff in error, as follows:

   ''In no event is the plaintiff entitled to recover any damages except
such as you may find from a preponderance of the evidence it is rea-
sonably probable she has sustained on account of her alleged injuries
or damages which under the proof are speculative or conjectural.''

   The general charge did not instruct the jury, in words, that they
could not find speculative or conjectural damages, but we think its
terms sufficiently excluded such damages from the jury's considera-
tion.   As the basis for any recovery by the defendant in error, the
jury were plainly told that they must find that she sustained the
injuries complained of and that the negligence alleged was the proxi-
mate cause thereof.   They were further instructed to find for the
plaintiff in error if they believed defendant in error did not sustain
any injury as a result of the alleged accident, even though they found
her health impaired and that the plaintiff in error was guilty of neg-
ligence.   No complaint is made of the trial court's submission of
the measure of damages.   The charge clearly confines any recovery

to only actual damages and in no sense admitted of any consideration by the jury of speculative or conjectural damages. In addition, the special charge, as drawn, was confusing and improper. While doubtless intended as a prohibition against the jury's finding in favor of defendant in error any damages of a speculative character, in effect, if not in terms, it affirmatively told the jury that the recovery of such damages was authorized. The trial court did not err in refusing it, and the second assignment of error is accordingly overruled.

The refusal to give special charge No. 3, requested by plaintiff in error, is the subject of the third assignment of error, the charge being as follows:

"Even if you find that plaintiff's health or physical condition is impaired in any of the respects alleged in the petition, you cannot allow her anything on account of such impairment of health or condition except in so far as you find from a preponderance of the evidence is due proximately to injuries sustained by her in the alleged accident and you can not allow her anything on account of any impairment of health or condition which you may find to be due to any cause other than injuries sustained in the alleged accident."

We agree with the Court of Civil Appeals that this instruction was fairly covered by the following paragraph of the general charge:

"Or if the health or physical condition of plaintiff is impaired, as alleged, and such impairment is partly due to other causes, and would have existed independent of the injuries, if any, received in the manner submitted to you in the 4th paragraph hereof, the defendant would not be liable for any such impairment as was the proximate result of such other causes."

We think this was a sufficient instruction in this case upon the question embraced in the special charge; that the jury must have clearly understood from it that no recovery was warranted on account of any impairment of the health or physical condition of defendant in error due to any cause other than the injuries sustained in the alleged accident; and that it fully safeguarded the plaintiff in error against any wrongful recovery. It is urged that the interpolation in the charge of the phrase, "independent of the injuries," was calculated to mislead the jury and create the belief that if other causes had produced impairment of health, which continued after the injuries and in connection with them, damages could be allowed on that account. Because the charge instructed against any recovery for impairment of health due to other causes, which would have existed independently of the injuries in question, it does not follow that it permitted recovery for such impairment as might exist concurrently with the injuries. It is hardly sound logic to say that a denial of damages, if certain conditions are found to exist, authorizes a recovery, as a reasonable implication, if they do not exist. A fair construction of the charge compels the conclusion that this phrase only furnished additional explanation of such impairment of health as would be considered due to other causes and for which the plaintiff in error could not be held liable, and that the charge as a whole sufficiently emphasized to the jury that no damages could be allowed on account

of any impairment of health except such as was caused by injuries sustained through the alleged negligence of the plaintiff in error.

We find no error in the disposition of the case as made by the Court of Civil Appeals, and its judgment and the judgment of the district court are accordingly affirmed.                    *Affirmed.*